## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAN WICKER,**

   **Plaintiff,**      **CIVIL ACTION NO. 18-cv-13046**

  **v.**         **DISTRICT JUDGE LAURIE J. MICHELSON**

**ARMADA CORP. OF NEVADA,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION

   Plaintiff Dan Wicker, proceeding *pro se*, initiated this action against Defendant Armada

Corp. of Nevada on August 22, 2018, in the Small Claims Division of the State of Michigan's 46th

Judicial District Court in Southfield, Michigan, alleging violations of the Fair Credit Reporting

Act (FCRA), 15 U.S.C. § 1681s-2(a).[1]  (Docket no. 1 at 7-11.)  Plaintiff removed the case to the

General Civil Division of the 46th District Court on August 31, 2018.  (*Id*. at 3-4.)  Defendant then

removed the case to this court on September 28, 2018, on the basis of federal question jurisdiction,

28 U.S.C. § 1331.  (*Id*. at 1-2.)  Before the court is Defendant's Motion to Dismiss.  (Docket no.

6.)  Plaintiff has not responded to Defendant's Motion, and the time for doing so has passed.[2]  This

---

[1] In the Complaint, Plaintiff refers to this statute as the Consumer Credit Protection Act.  The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., is a subchapter of the Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.*

[2] "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1).  Because Plaintiff has not filed a response, the undersigned could recommend that Defendant's Motion to Dismiss be granted as unopposed.  Additionally, Plaintiff has not filed any documents and has not otherwise participated in this case since its removal to this court.  Notably, two of the court's orders that were mailed to Plaintiff's address of record have been returned to the court as undeliverable.  (*See* docket nos. 8, 9, 10, 11.) If a party's contact information changes, that party must promptly file and serve a notice of the new contact information with the court clerk and all other parties; the failure to do so may subject that party to appropriate sanctions, which may include dismissal, default judgment, and costs.  E.D. Mich. LR 11.2   Thus, Plaintiff's case is also subject to dismissal for failure to provide notice of his change of address.  Nevertheless, in consideration of Plaintiff's *pro se* status, the undersigned will address the merits of Defendant's Motion.

matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 8.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 6) be **GRANTED** and that this matter be dismissed in its entirety.

## II.     REPORT

### A.      Plaintiff's Complaint

The factual allegations in Plaintiff's Complaint are somewhat incomprehensible.  Plaintiff alleges that Defendant is a debt collector that does business in Michigan.  Plaintiff asserts that he does not have an account or service with Defendant.  According to Plaintiff, however, "Defendant alleges [that it has] properly notified Plaintiff of [a] collection account but could not verify [a] current address for mail service."  Plaintiff alleges that he disputed the account in writing with all three credit bureaus in June and July of 2018.  On July 13, 2018, Plaintiff called Defendant to verify information, but Defendant allegedly could not verify a current address to which the required documents (i.e., notice of intent to collect a debt) were mailed.  Plaintiff claims that "a 'reasonable' person would agree that the information provided by Defendant would constitute an error under 15 U.S.C. § 1681s-2(a)(1)."  He also claims that Defendant failed to investigate Plaintiff's dispute, citing 15 U.S.C. § 1681s-2(a)(5).  Plaintiff's Complaint does not include a prayer for relief; however, the state court Affidavit and Claim form that accompanies Plaintiff's Complaint seemingly indicates that Plaintiff seeks $600.00 in damages.  (Docket no. 1 at 7-11.)

2

### B.      Governing Law

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket no. 6.)  When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery."  *Id.*    To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### C.      Analysis

Plaintiff claims that "a 'reasonable' person would agree that the information provided by Defendant would constitute an error under 15 U.S.C. § 1681s-2(a)(1)."   He also claims that

3

Defendant failed to investigate Plaintiff's dispute, citing 15 U.S.C. § 1681s-2(a)(5).  (Docket no.

1 at 10.)

15 U.S.C. § 1681s-2(a) governs the duty of furnishers of information to provide accurate

information to consumer reporting agencies.  The statute provides, in relevant part:

(1) Prohibition

(A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any
consumer reporting agency if the person knows or has reasonable cause to
believe that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer
reporting agency if—

(i) the person has been notified by the consumer, at the address specified by
the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

. . . .

(5) Duty to provide notice of delinquency of accounts

(A) In general

A person who furnishes information to a consumer reporting agency regarding
a delinquent account being placed for collection, charged to profit or loss, or
subjected to any similar action shall, not later than 90 days after furnishing the
information, notify the agency of the date of delinquency on the account, which
shall be the month and year of the commencement of the delinquency on the
account that immediately preceded the action.

15 U.S.C. § 1681s-2(a).

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which

relief can be granted because Plaintiff has not alleged that Defendant is a "furnisher of

information" under the statute or that Defendant reported any account in Plaintiff's name to any

4

consumer reporting agency.  Defendant asserts that even if Plaintiff had alleged that Defendant was a furnisher of information, Plaintiff's claims still fail as a matter of law because there is no private cause of action for consumers against furnishers of information under 15 U.S.C. § 1681s-2(a).  Defendant also points out that 15 U.S.C. § 1681s-2(a)(5) does not reference a furnisher's duty to investigate disputes.  (Docket no. 6 at 9-12.)

Indeed, "[t]here exists no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a)."  *Hodges v. Navient Sols., LLC*, No. 17-13485, 2018 WL 2837316, at *3 (E.D. Mich. June 11, 2018) (quoting *LaBreck v. Mid-Mich Credit Bureau*, No. 1:16-cv-1160, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).  "Rather, '[e]nforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials.'" *Id.* (citing 15 U.S.C. § 1681s-2(d)).  Therefore, Plaintiff cannot state a claim against Defendant for allegedly furnishing inaccurate information or failing to investigate Plaintiff's dispute under 15 U.S.C. § 1681s-2(a).

Defendant acknowledges that a private cause of action for consumers against furnishers exists under 15 U.S.C. § 1681s-2(b).  (Docket no. 6 at 11 n.2.)  Defendant argues, however, that to the extent Plaintiff misidentified the statute under which he attempted to state a claim, his claim(s) still fail as a matter of law because Plaintiff has failed to allege that Defendant received notification of Plaintiff's dispute from a consumer reporting agency.  (*Id.* (citing *Downs v. Clayton Homes, Inc.,* 88 F. App'x 851, 853 (6th Cir. 2004); *Taddia v. CitiMortgage*, No. 13-11922, 2013 WL 5945059, at *2 (E.D. Mich. Nov. 6, 2013).)

15 U.S.C. § 1681s-2(b) imposes a duty on furnishers of information upon their receipt of a notice of dispute regarding the completeness or accuracy of credit information to undertake an investigation, report the results of the investigation, and take corrective action if necessary.  15

U.S.C. § 1681s-2(b).  "A claim under § 1681s-2(b) . . . requires a plaintiff to allege and prove: 1) that the duties under § 1681s-2(b) were triggered by defendant's receipt of notice from a consumer reporting agency that the information at issue was being disputed by the plaintiff; and 2) that the defendant did not comply with the statutorily required duties."  *Dominguez v. Capital One, N.A.*, No. 16-12896, 2017 WL 3097801, at *3 (E.D. Mich. June 23, 2017), *report and recommendation adopted*, No. 16-cv-12896, 2017 WL 3085779 (E.D. Mich. July 20, 2017) (citations omitted). Importantly, "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed."  *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004) (citing *Young v. Equifax Credit Info. Servs., Inc.,* 294 F.3d 631, 639-40 (5th Cir. 2002)).  *See also Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614, at *4 (M.D. Tenn. Nov. 30, 2005) (collecting cases).

In recognition of the court's responsibility to liberally construe the pleadings of *pro se* plaintiffs and hold them to a less stringent standard than similar pleadings drafted by attorneys, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999), the undersigned will assume, for purposes of this Report and Recommendation only, that Plaintiff intended to advance his "failure to investigate" claim against Defendant under 15 U.S.C. § 1681s-2(b).  Here, Plaintiff alleges that he disputed the alleged collection account with all three credit bureaus in June and July of 2018.  However, Plaintiff does not allege or present any facts to show that Defendant received notice of Plaintiff's dispute from a consumer reporting agency.  Plaintiff has therefore failed to allege an essential element of a claim under 15 U.S.C. § 1681s-2(b), *see Westbrooks*, 2005 WL 3240614, at *5, and he has thereby failed to state a claim upon which relief can be granted, *Taddia*, 2013 WL 5945059, at *2.

### D.      Conclusion

For the above-stated reasons, the court should **GRANT** Defendant's Motion to Dismiss (docket no. 6) and dismiss this matter in its entirety.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  July 10, 2019                       s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Dan Wicker and counsel of record on this date.

Dated:  July 10, 2019           s/S. Osorio
                                Acting Case Manager